**No. 22-6748**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH COURT**

**UNITED STATES OF AMERICA,**
***Plaintiff/Appellee*,**

**v.**

**NATHANIEL A. RICHARDSON, JR.,**
***Defendant/Appellant*.**

**On Appeal From the United States District Court**
**for the Eastern District of Virginia**
**Norfolk Division (The Hon. Raymond A. Jackson)**

# BRIEF OF THE APPELLANT


**GEREMY C. KAMENS**
**Federal Public Defender**

**Frances H. Pratt**
**Keith Loren Kimball**
**Assistant Federal Public Defenders**
**Counsel for Appellant**
**1650 King Street, Suite 500**
**Alexandria, VA 22314**
**(703) 600-0800**
**Fran_Pratt@fd.org**
**Keith_Kimball@fd.org**

# TABLE OF CONTENTS

Table of Authorities ........................................................................................ iii

Statement of Jurisdiction........................................................................................1

Statement of the Issue ............................................................................................2

Statement of the Case..............................................................................................2

A. Mr. Richardson Is Found Guilty at Trial of Three Crack Cocaine Offenses in 1996 and Is Sentenced to Life in Prison Under the Mandatory Sentencing Guidelines .......................................................2

B. Congress Acts in 2010 to Correct the Disparities in Sentences Created by the Harsh Penalties for Crack Cocaine Offenses................4

C. Congress Makes the Fair Sentencing Act Retroactive When It Enacts the First Step Act at the End of 2018 ........................................5

D. Mr. Richardson Seeks a Reduction in His Sentence Pursuant to the First Step Act and U.S.S.G. Amendment 782, But the Court Denies Both His Motion and His Motion for Reconsideration.............7

E. Following Mr. Richardson's Appeal and This Court's Remand for Further Proceedings in Light of *United States v. Collington*, the District Court Reduces Mr. Richardson's Term of Life Imprisonment on Count 3 But Leaves the Life Term on Count 2 in Place Without Considering That the Counts Form a Sentencing Package .....................................................................10

Summary of Argument..........................................................................................13

Argument...............................................................................................................14

The District Court Committed Procedural Error in Only Partially Granting Mr. Richardson's § 404 Motion When the Court Failed to Recognize Its Authority Under the Sentencing Package Doctrine to Reduce the Term of Life Imprisonment on Count 2 as Well as on Count 3..........................................................................................................14

A. Standard of Review ..........14

B. The Background and Requirements of § 404 of the First Step Act of 2018 ..........15

C. The First Step Act Authorized the District Court to Impose a Reduced Aggregate Sentence on All Interdependent Counts Under the Sentencing Package Doctrine ..........19

D. Mr. Richardson Was Harmed by the District Court's Failure to Recognize Its Authority to Reduce the Prison Term on Count 2 to Match the Reduced Term on Count 3 ..........25

Conclusion ..........26

Request for Oral Argument ..........26

Certificate of Compliance

**TABLE OF AUTHORITIES**

Cases

*Concepcion v. United States*, 142 S. Ct. 2389 (2022) ................................17, 18, 20

*Dorsey v. United States*, 567 U.S. 260 (2012)....................................................5, 15

*Kimbrough v. United States*, 552 U.S. 85 (2007) ....................................................5

*Pepper v. United States*, 562 U.S. 476 (2011).......................................................19

*Rutledge v. United States*, 517 U.S. 292 (1996) ....................................................23

*Terry v. United States*, 141 S. Ct. 1858 (2021)......................................................16

*United States v. Biggs*, 2019 WL 2120226 (N.D. Ill. May 15, 2019) ..............22, 24

*United States v. Black*, 388 F. Supp. 3d 682 (E.D. Va. 2019)................................22

*United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020)..............16, 18, 19, 20, 21

*United States v. Collington*, 995 F.3d 347 (4th Cir. 2021).............10, 14, 17, 18, 20

*United States v. Damon*, 933 F.3d 269 (3d Cir. 2019) ............................................19

*United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020)....................................16, 24

*United States v. Hudson*, 967 F.3d 605 (7th Cir. 2020)....................................20, 21

*United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021) ......................................20

*United States v. Luna*, 436 F. Supp. 3d 478 (D. Conn. 2020) ................................21

*United States v. Smith*, 115 F.3d 241 (4th Cir. 1997) .............................................19

*United States v. Swain*, 49 F.4th 398 (4th Cir. 2022) .......................................14, 17

*United States v. Thomas*, 32 F.4th 420 (4th Cir. 2022) ..........................................10

*United States v. Ventura*, 864 F.3d 301 (4th Cir. 2017) .........................................20

*United States v. Williams*, 2019 WL 3251520 (D.S.C. July 19, 2019) ..................24

Statutes and Rules

18 U.S.C. § 924 ..........................................................................................3

18 U.S.C. § 1956 ........................................................................................3

18 U.S.C. § 3231 ........................................................................................1

18 U.S.C. § 3553 ...............................................................6, 11, 18, 20

18 U.S.C. § 3582 ...................................................................................8, 19

18 U.S.C. § 3742 ........................................................................................2

21 U.S.C. § 841 ...................................................................................*passim*

21 U.S.C. § 846 .................................................................................3, 4, 22

21 U.S.C. § 848 ...........................................................................2, 3, 22, 23

28 U.S.C. § 1291 ........................................................................................2

Fed. R. App. P. 4 ........................................................................................2

Legislative Materials

Fair Sentencing Act, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (Aug. 3, 2010) .....................................................................................................*passim*

First Step Act of 2018, Pub. L. No. 115-391, § 404,132 Stat. 5194, 5222 (Dec. 18, 2018) ..........................................................................*passim*

S. Comm. on the Judiciary, 115th Cong., The First Step Act of 2018 (S. 3649) – as introduced (Nov. 15, 2018) ..................................................................7

164 Cong. Rec. S7745-01, S7748 (Dec. 18, 2018) (statement of Sen. Klobuchar) ..........................................................................................7

United States Sentencing Guidelines

U.S.S.G. § 2D1.1 .......... 3, 4, 23

U.S.S.G. § 2D1.5 .......... 3, 23

U.S.S.G. § 3B1.1 .......... 23

U.S.S.G. § 3C1.2 .......... 23

U.S.S.G. Ch. 5, Pt. A (sentencing table) .......... 4

No. 22-6748

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH COURT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

NATHANIEL A. RICHARDSON, JR.,
*Defendant/Appellant*.

On Appeal From the United States District Court
for the Eastern District of Virginia
Norfolk Division (The Hon. Raymond A. Jackson)

BRIEF OF THE APPELLANT

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this criminal case under 18 U.S.C. § 3231. Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 18, 2018), authorized the court to consider Nathaniel Richardson's motion for a reduced sentence. On June 13, 2022, the district court entered an opinion and order partly granting and partly denying Mr. Richardson's motion for a § 404 sentence reduction. J.A. 19. On June 26, 2022, Mr. Richardson noted his

appeal. J.A. 19; *see* Fed. R. App. P. 4(b)(1), (b)(6). This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUE

In reconsidering Nathaniel Richardson's First Step Act § 404 motion, in which he sought a reduction of the life sentence imposed on him for violating 21 U.S.C. § 841 (Count 3) and 21 U.S.C. § 848 (Count 2), the district court found that Count 3 constituted an eligible "covered offense" as defined in § 404(b) but that Count 2 did not. The court then reduced the term of imprisonment on Count 3 from life to 30 years while leaving in place the concurrent life term on Count 2.

The issue presented for appeal is whether the district court erred in failing to recognize its authority to impose a reduced sentence on all concurrent counts pursuant to the sentencing package doctrine, notwithstanding Count 2's status as a non-covered offense, when Count 2 was factually intertwined with Count 3 and the guideline calculations for each count were interdependent.

## STATEMENT OF THE CASE

### A. Mr. Richardson Is Found Guilty at Trial of Three Crack Cocaine Offenses in 1996 and Is Sentenced to Life in Prison Under the Mandatory Sentencing Guidelines

Mr. Richardson was charged in July 1996 with three federal drug-trafficking offenses involving cocaine base, or crack cocaine, one firearm count, and two money laundering counts. J.A. 20-32. He went to trial in October 1996, along with two of

the five other defendants charged in the same indictment. J.A. 7-9. The jury convicted Mr. Richardson of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of heroin (Count 1, in violation of 21 U.S.C. § 846 and § 841(a)(1) and (b)(1)(A)); continuing criminal enterprise (CCE) (Count 2, in violation of 21 U.S.C. § 848); distribution and possession with intent to distribute 50 grams or more of cocaine base (Count 3, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)); and two counts of money laundering (Counts 15 and 16, in violation of 18 U.S.C. § 1956(a)(1)(B)(i)). J.A. 9, J.A. 165-166. However, the jury acquitted Mr. Richardson of using and carrying a firearm during and in relation to the conspiracy and CCE counts (Count 10, in violation of 18 U.S.C. § 924(c)). *Id.*

In preparing the presentence report on Mr. Richardson, the probation officer attributed to him approximately 26 kilograms of cocaine base and just under 50 grams of heroin. J.A. 340, J.A. 367. Based on that weight, Mr. Richardson's base offense level under U.S.S.G. § 2D1.1 for Counts One and Three was 38, for "1.5 kilograms or more of cocaine base." J.A. 367 (applying U.S.S.G. § 2D1.1(c)(1) (Nov. 1995 ed.)). Two points were assigned for possession of a firearm in connection with the drug trafficking offense, four points for role in the offense, and two points for reckless endangerment. J.A. 367. The calculations for the CCE count yielded the same offense level, J.A. 368, due to the way that U.S.S.G. § 2D1.5, the

guideline for CCE offenses, interacts with § 2D1.1. The three drug-related counts and the two money laundering counts all grouped together; accordingly, the final offense level was 46. J.A. 370.

For criminal history, the probation officer assigned a total of 11 points, which placed Mr. Richardson in criminal history category V: nine points were for six convictions, and two points were added for committing the offense while under another sentence. J.A. 371-373. The combination of offense level 46 and criminal history category V resulted in a mandatory sentencing "range" of life imprisonment. *See* J.A. 374; U.S.S.G. Ch. 5, Pt. A (sentencing table).

At Mr. Richardson's sentencing in January 1997, the district court dismissed Count 1, the § 846 conspiracy conviction, as a lesser-included offense of Count 2, the CCE conviction. J.A. 163-164, J.A. 165, J.A. 366. The court sentenced Mr. Richardson to concurrent terms of life imprisonment on Count 2 and on Count 3, possession with intent to distribute 50 or more grams of cocaine base. J.A. 161, J.A. 166. The court also sentenced Mr. Richardson to 20 years (the statutory maximum) on each of the two money laundering counts, to run concurrently with the prison terms on the other two counts. J.A. 161, J.A. 166.

### B. Congress Acts in 2010 to Correct the Disparities in Sentences Created by the Harsh Penalties for Crack Cocaine Offenses

Thirteen years after Mr. Richardson's sentencing, in light of the longstanding and widespread recognition that the penalties for crack cocaine under the Anti-Drug

Abuse Act of 1986—which treated a single gram of crack cocaine as equivalent to 100 grams of powder (the so-called 100:1 ratio)—were far too harsh and had a disparate impact on African Americans, Congress enacted the Fair Sentencing Act of 2010 on August 3, 2010. *See Kimbrough v. United States*, 552 U.S. 85, 97-99 (2007); *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012). Section 2 of the Act modified the statutory penalties for crack offenses by increasing the amount of crack necessary to support the statutory ranges for convictions under § 841(b)(1)(A) from 50 to 280 grams, for convictions under § 841(b)(1)(B) from 5 to 28 grams, and for convictions under § 841(b)(1)(C) from less than 5 to less than 28 grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (Aug. 3, 2010). These changes reduced the 100:1 ratio to an 18:1 ratio. Congress, however, did not apply these changes retroactively to defendants, such as Mr. Richardson, who were sentenced before the Act's passage.

### C. Congress Makes the Fair Sentencing Act Retroactive When It Enacts the First Step Act at the End of 2018

In part to rectify the injustice of sentencing disparity caused by the non-retroactivity of the Fair Sentencing Act eight years earlier, Congress enacted the First Step Act of 2018 on December 21, 2018. Section 404 of the First Step Act made §§ 2 and 3 of the Fair Sentencing Act retroactive to offenders who were sentenced before its enactment. *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (codified at 21 U.S.C. § 841 note).

Under § 404 of the First Step Act, eligibility for retroactive application of the Fair Sentencing Act turns on whether the defendant was previously sentenced for a "covered offense." Congress defined a "covered offense" in § 404(a) of the First Step Act as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [] that was committed before August 3, 2010."

In § 404(b), Congress made the reduced statutory penalties for crack cocaine offenses retroactive by authorizing any court that "imposed a sentence for a covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect." In § 404(c), Congress set forth two limited exceptions to eligibility for relief. First, a court may not reduce any sentence that was "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." Second, a defendant may not receive a reduced sentence if he filed a previous First Step Act motion that was "denied after a complete review of the motion on the merits."

Together, these provisions define threshold eligibility broadly while entrusting sentencing courts to exercise their traditional discretion by determining whether the sentencing factors under 18 U.S.C. § 3553(a) warrant a reduction. In doing so, these provisions carry out the Act's purpose of "allow[ing] prisoners sentenced before the Fair Sentencing Act of 2010 reduced the 100-to-1 disparity in

sentencing between crack and powder cocaine to petition the court for an individualized review of their case." S. Comm. on the Judiciary, 115th Cong., The First Step Act of 2018 (S. 3649) – as introduced (Nov. 15, 2018), at 2; *see also* 164 Cong. Rec. S7745-01, S7748 (Dec. 18, 2018) (statement of Sen. Klobuchar) ("[T]he bill simply allows people to petition courts … for an individualized review based on the particular facts of their case.").

D. Mr. Richardson Seeks a Reduction in His Sentence Pursuant to the First Step Act and U.S.S.G. Amendment 782, But the Court Denies Both His Motion and His Motion for Reconsideration

In January of 2019, Mr. Richardson moved *pro se* for a reduction in his sentence under § 404 of the First Step Act. J.A. 17. Following its appointment by the district court, J.A. 17, the Office of the Federal Public Defender filed a memorandum in support of Mr. Richardson's motion. J.A. 172-185.

In the memorandum, counsel argued that the court should apply an advisory, not mandatory, sentencing range of 360 months to life imprisonment. J.A. 182-183. Counsel stressed that Mr. Richardson has been in federal prison for these offenses now for nearly half of his life. J.A. 173, J.A. 183. In the 22 years that he has been incarcerated, he has incurred only a minor disciplinary record, on the one hand, while on the other, he had worked regularly and had consistently participated in educational, vocational, and rehabilitative classes and programs. J.A. 183-184; *see* J.A. 191-192.

The government opposed any reduction in Mr. Richardson's sentence. J.A. 194-212. The opposition focused almost entirely on the government's argument that Mr. Richardson was not even eligible in the first instance for relief under § 404 of the First Step Act. Counsel filed a reply rebutting the government's arguments. J.A. 214-228.

The district court denied the First Step Act § 404 motion, as well as Mr. Richardson's *pro se* request for the application of certain sentencing guideline amendments to his case pursuant to 18 U.S.C. § 3582(c)(2). J.A. 230-235; *see* J.A. 17 (docket entry 417). With respect to the First Step Act motion, the court ruled that Mr. Richardson was eligible. J.A. 234. The court, however, declined to exercise its discretion to reduce Mr. Richardson's sentence.

Through counsel, Mr. Richardson requested reconsideration by the district court of its denial of both of his motions. As to the § 3582(c)(2) motion, he argued that, contrary to the district court's view that Amendment 782 applied only prospectively, *see* J.A. 233, the amendment is indeed retroactive; he further argued that Mr. Richardson was eligible for a reduced sentence because its application reduced his sentencing range from life to 360 months to life. J.A. 238-240. With respect to reconsideration of the First Step Act § 404 motion, Mr. Richardson's counsel addressed the court's concern about Mr. Richardson's criminal history and what the court perceived to be his minimization of his record. J.A. 241-242; *see* J.A.

251-253 (Mr. Richardson's letter to the court). Counsel also described in some detail how Mr. Richardson has worked to change and rehabilitate himself over the last 22 years, and how he has worked to help others, when he could have simply given up in the face of a life sentence. J.A. 245-247. Finally, counsel described for the court how Mr. Richardson has worked to maintain his relationships with his family, especially his children. J.A. 247-248.

In its ruling on the motion, the district court found that it erred in its previous order when it stated that Amendment 782 did not apply to Mr. Richardson's case. J.A. 290. Nonetheless, the court affirmed the "ultimate holding" of that order: while it found Mr. Richardson eligible for a sentence reduction under the First Step Act, it would not exercise its discretion to grant a reduction. J.A. 290. In so ruling, the court gave no indication that it had considered at any length the pages of exhibits filed with the motion for reconsideration, other than to refer in passing to "the acknowledged improvements [Mr. Richardson] made in prison." J.A. 291; *see* J.A. 251-280. In particular, the court gave no indication that it had read the detailed, thoughtful letter that Mr. Richardson had written. *See* J.A. 251-253. Nor did the court acknowledge the letters of support for Mr. Richardson from his family and friends. *See* J.A. 278-284. Similarly, the court did not acknowledge the letter from a fellow BOP inmate describing Mr. Richardson's impact on his life and others, J.A. 277, or a BOP unit counselor's memorandum documenting Mr. Richardson's

"exceptional" action in protecting prison staff from being assaulted by another inmate, J.A. 286.

### E. Following Mr. Richardson's Appeal and This Court's Remand for Further Proceedings in Light of *United States v. Collington*, the District Court Reduces Mr. Richardson's Term of Life Imprisonment on Count 3 But Leaves the Life Term on Count 2 in Place Without Considering That the Counts Form a Sentencing Package

Mr. Richardson appealed the district court's denial of his motion for reconsideration of the denial of his § 404 motion. J.A. 293. Following formal briefing, this Court issued its decision in July 2021. The Court vacated the district court's ruling and remanded the case to the district court for further proceedings in light of *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021), decided while Mr. Richardson's case was on appeal. *See* J.A. 295-298.

Upon remand, the district court did not request additional briefing in light of *Collington* or other decisions of this Court addressing § 404 of the Fair Sentencing Act. Rather, the district court issued a memorandum opinion and order in June 2022, in which the court partly granted and partly denied Mr. Richardson's § 404 motion. *See* J.A. 302-322.

The court found that Mr. Richardson was not eligible for a reduction of the life term of imprisonment on Count 2, the CCE conviction, in light of this Court's decision in *United States v. Thomas*, 32 F.4th 420 (4th Cir. 2022). J.A. 313-314. As to Count 3, the § 841 conviction, the court concluded that Mr. Richardson was

eligible for a reduction on that count. J.A. 313-315. The court next determined the new applicable statutory range for Count 3, then considered whether any changes to the calculation of the guideline range were necessary. *See* J.A. 315-318. The court concluded that "[s]ince there are no Guidelines errors and no intervening case law that alters Petitioner's Guidelines range, his offense level remains 48 [sic] and his criminal history category remains V, which results in an advisory Guidelines range of life, restricted to 480 months', or 40 years', imprisonment." J.A. 317-318.

Finally, the court considered the sentencing factors in 18 U.S.C. § 3553(a). According to the court, "[t]he nature and circumstances of the offense are unquestionably serious." J.A. 318; *see* J.A. 318-319 (recounting offense conduct). Further, the court observed, "Petitioner's criminal history beyond the instant offense is extensive, with 30 adult convictions, including three convictions for assault and battery, one conviction for involuntary manslaughter, and one conviction for obstruction of justice." J.A. 319.

At the same time, however, as the court recognized, Mr. Richardson is now 50 years old, and was only 24 when convicted, "meaning he has spent over half of his life incarcerated." J.A. 320. Further, the court acknowledged that although Mr. Richardson had two disciplinary infractions at the start of his prison term, he had not incurred any other violations for 25 years. J.A. 320. Instead, Mr. Richardson "ob-

tained his G.E.D. in 1999, has taken advantage of numerous educational and vocational programs, written and obtained a copyrighted publication entitled 'Activity Wars and Addictions," worked in the recreation department, and served as a member of the FCI McDowell Inmate Reentry Council." J.A. 320.

The court "particularly commend[ed]" Mr. Richardson "for authoring a self-help publication intended to deter others from destructive and addictive behaviors, which is designed for use in school settings, as well as all levels of correctional, rehabilitation, and pre-release audiences." J.A. 320. The court also commended Mr. Richardson "for voluntarily serving as a member of the Inmate Reentry Council, which works to institute opportunities for developing personal accountability and understanding of one's criminalistics impact on society, reduce recidivism and victimization, assist incarcerated individuals to become productive members of society, and make the institution safer by decreasing inmate idleness." J.A. 320. Additionally, the court recognized that Mr. Richardson has worked informally "to settle disputes between other inmates, and to interrupt and stop violence in his facility, including assaults against facility staff[,]" and that he has maintained a strong support system outside of prison. J.A. 320-321.

In sum, the district court found that Mr. Richardson's "rehabilitation, age, and support system indicate that he is unlikely to recidivate if released." J.A. 321. After also considering the need to avoid unwarranted sentencing disparities, the court

determined that it was appropriate to reduce Mr. Richardson's prison term on Count 3 to 360 months. J.A. 322.

Because it had determined that Count 2 was not a covered offense, the court left the life term of imprisonment on that count in place. In so doing, however, the court did not appear to recognize that it had the authority to reduce that portion of Mr. Richardson's sentence pursuant to the sentencing package doctrine.

The court issued its decision on June 13, 2022. J.A. 19. Mr. Richardson timely noted his appeal on June 26, 2022. J.A. 19; *see* J.A. 323.

## SUMMARY OF ARGUMENT

The district court abused its discretion in denying Mr. Richardson's motion for reconsideration of the denial of his § 404 motion for a sentence reduction when the court failed to recognize its authority to reduce the term of life imprisonment on Count 2 pursuant to the sentencing package doctrine. Under that doctrine in the context of § 404 of the First Step Act, a district court has authority to impose a reduced sentence on non-covered counts when they are factually intertwined with covered offenses and legally interdependent—as they are in this case—and the sentence imposed on the counts is a single, aggregate term of imprisonment. That aggregate sentence results from the holistic approach that a court employs under the sentencing package doctrine, which applies just as much to First Step Act § 404 resentencing determinations as it does to original sentencing determinations.

Further, the court's failure to recognize its authority to reduce the life sentence on Count 2 to match the reduction to 30 years that the court granted on Count 3 harmed Mr. Richardson: he continues to serve a life term of imprisonment on Count 2 when a 30-year term would result in his immediate release, and the court's reasons for reducing the term of imprisonment on Count 3 apply equally to Count 2. The Court should correct the procedural error in this case and remand the case to the district court to consider imposing a 30-year term of imprisonment rather than a life term on Count 2.

# **ARGUMENT**

THE DISTRICT COURT COMMITTED PROCEDURAL ERROR IN ONLY PARTIALLY GRANTING MR. RICHARDSON'S § 404 MOTION WHEN THE COURT FAILED TO RECOGNIZE ITS AUTHORITY UNDER THE SENTENCING PACKAGE DOCTRINE TO REDUCE THE TERM OF LIFE IMPRISONMENT ON COUNT 2 AS WELL AS ON COUNT 3

A. Standard of Review

This Court reviews a district court's decision to deny or to grant a defendant's § 404 motion for procedural and substantive reasonableness. *United States v. Swain*, 49 F.4th 398, 401-03 (4th Cir. 2022); *United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021).

B. <u>The Background and Requirements of § 404 of the First Step Act of 2018</u>

1. As described above, § 2 of the Fair Sentencing Act modified the statutory penalties for violations of 21 U.S.C. § 841 involving crack cocaine by increasing the weight ranges to which § 841(b)'s statutory penalties apply. More specifically, the trigger weight for the ten-year mandatory minimum penalty in § 841(b)(1)(A)(iii) is now 280 grams (up from 50 grams), and the trigger weight for the five-year mandatory minimum in § 841(b)(1)(B)(iii) is now 28 grams (up from 5 grams).

But the Fair Sentencing Act was not made retroactive. The Supreme Court later held that sections 2 and 3 of the Act applied to defendants who committed a crack cocaine offense before August 3, 2010, but only if they were sentenced on or after that date. *See Dorsey v. United States*, 567 U.S. 260, 282 (2012). This left thousands of people in prison serving unduly harsh sentences that had been imposed under the old law.

2. To rectify the problem, on December 21, 2018, Congress enacted, and the President signed into law, the First Step Act of 2018, § 404 of which made sections 2 and 3 of the Fair Sentencing Act retroactive. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (codified at 21 U.S.C. § 841 note). Under the Act, "Congress authorized the courts to provide a remedy for certain defendants who bore the brunt

of a racially disparate sentencing scheme." *United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020).

Section 404 provides that "[a] court that imposed a sentence for a covered offense may," on motion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act … were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b). A "covered offense" is defined as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act …, that was committed before August 3, 2010." *Id.*, § 404(a). In other words, a "covered offense" is an offense punishable under 21 U.S.C. § 841(b)(1)(A)(iii) or (b)(1)(B)(iii). *Terry v. United States*, 141 S. Ct. 1858 (2021). However, an offense involving crack cocaine that is punishable under § 841(b)(1)(A) or (B) qualifies as a "covered offense" even where the offense of conviction involves other controlled substances, the penalties for which have not been amended. *United States v. Gravatt*, 953 F.3d 258, 263-64 (4th Cir. 2020).

Courts are precluded from entertaining a motion "made under this section" in only two circumstances: (1) if the sentence was "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act," or (2) if a "previous motion made under this section" was "denied after a complete review of the motion on the merits." Pub. L. No. 115-391, § 404(c).

Finally, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.*

3. As this Court recently recognized, "sentence reductions are not a mere side effect of [the First Step Act], but one of its primary purposes. While Congress certainly gave district courts the discretion under section 404 not to impose sentence reductions, that discretion must be reviewed in light of the First Step Act's remedial purpose." *United States v. Swain*, 49 F.4th 398, 403 (4th Cir. 2022) (citing *Concepcion v. United States*, 142 S. Ct. 2389, 2402 (2022)). Therefore, the Fourth Circuit concluded, "the requirements outlined in *Collington* apply generally in the section 404 context—that is, regardless of whether the district court grants or denies the motion." *Id.* at 399 (referring to *United States v. Collington*, 995 F.3d 347 (4th Cir. 2021)).[1]

---

[1] This ruling is wholly consistent with the Supreme Court's recent decision in *Concepcion*, in which the high court was asked to address "whether a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) …." 142 S. Ct. at 2396. Nothing in *Concepcion* limits the Supreme Court's ruling—that district courts may consider such information—to determining only the extent of a reduction, not the determination whether to grant a reduction in the first instance. *See id.* (holding that "[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider *in deciding whether, and to what extent, to modify* a sentence, that a district court's discretion to consider information is restrained" (emphasis added)); *id.* at 2402 (finding that the "as if" clause of § 404 "does not [] limit the information a district court may use to inform *its decision whether and how much to reduce a sentence*" (emphasis added); *id.* at 2403 (describing how "courts have looked to postsentencing evidence of violence or prison infractions as probative" "*when deciding whether* to

Accordingly, after determining that a defendant is eligible to have his sentence reduced under § 404, a district court decides in its discretion whether, and to what extent, to impose a reduced sentence. In doing so, the court considers the applicable statutory limits, the recalculated advisory guideline range, and the § 3553(a) purposes and factors, including the defendant's post-sentencing conduct. *See United States v. Chambers*, 956 F.3d at 674. And when considering the § 3553(a) sentencing factors in § 404 cases, courts may "use [them] to more comprehensively shape sentencing decisions and even *depart downward* …." *Collington*, 995 F.3d at 355 (emphasis in original).

Furthermore, "[a]s with initial sentencings, the First Step Act tasks district courts with making a *holistic resentencing determination* as to whether the original sentence remains appropriate in light of the Fair Sentencing Act's reforms." *Collington*, 995 F.3d at 355 (emphasis added). In short, courts must "make

---

grant First Step Act motions *and in deciding how much* to reduce sentences" and also how, "when raised by the parties, district courts have considered nonretroactive Guidelines amendments to help inform *whether to reduce sentences at all, and if so, by how much*" (emphases added); *see also id.* at 2400 (discussing how, "in *determining whether to include* a term of supervised release, *and the length* of any such term, Congress has expressly precluded district courts from considering the need for retribution" (emphases added)). Given the consistent emphasis on whether to grant a motion and then, if granted, the extent of a reduction in the sentence, this Court should not read the Supreme Court's second statement of its holding ("that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act[,]" *id.* at 2404) to limit the Court's consideration of post-sentencing conduct and changes in the law to only the amount of a reduction.

substantially more robust resentencing decisions than in § 3582(c)(2) proceedings." *Id.* at 356; *see id.* at 358 ("Ultimately, the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing hearing.").

C. The First Step Act Authorized the District Court to Impose a Reduced Aggregate Sentence on All Interdependent Counts Under the Sentencing Package Doctrine

"[W]hen 'imposing' a new sentence, a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." *United States v. Chambers*, 956 F.3d 667, 672 (4th Cir. 2020). The starting point for imposing such a reduced sentence in a case like this one, involving multiple counts of conviction, is to recalculate the Guidelines as they apply to all counts of conviction. Recalculation with respect to all counts is required because a "defendant is sentenced to one aggregate sentence, not to separate and distinct sentences on each count of the indictment." *United States v. Smith*, 115 F.3d 241, 247 n.11 (4th Cir. 1997); *see also Pepper v. United States*, 562 U.S. 476, 507 (2011) ("A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent."); *United States v. Damon*, 933 F.3d 269, 273 (3d Cir. 2019) ("The ordinary meaning of 'sentence' can only reasonably be read to include all forms of punishment or penalties imposed on a defendant."). Indeed, "[s]entences for covered offenses are not imposed in a vacuum, hermetically sealed off from sentences

imposed for non-covered offenses. Nor could they be. Multiple terms of imprisonment are treated under federal law as a single, aggregate term of imprisonment, and … the Guidelines require a court to group similar offenses." *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020).

Defendants thus receive one "aggregate sentence" as a result of "[t]he sentencing package doctrine [which] accounts for the holistic approach that a district court should employ when sentencing a defendant convicted of multiple offenses." *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017). And "the First Step Act tasks district courts with making *a holistic resentencing determination* as to whether the original sentence remains appropriate in light of the Fair Sentencing Act's reforms." *Collington*, 995 F.3d at 355 (emphasis added).

In fact, the government conceded in *Chambers* that "the § 3553(a) sentencing factors apply in the § 404(b) resentencing context." 956 F.3d at 674. Those factors apply to "[t]he imposition of a sentence," not the imposition of a reduced term of imprisonment on a particular count of conviction. *Id.* That is why courts considering whether to impose a reduced sentence under § 404 must consider the arguments raised by the parties about "the Sentencing Guidelines in light of 'intervening case law,' … reconsider[] [] the factors set forth in 18 U.S.C. § 3553(a)," and "can take into account a defendant's conduct after his initial sentencing." *See Concepcion*, 142 S. Ct. at 2404, 2405; *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir.

2021). None of those steps would be required or permitted if § 404 allowed only a recalibration of the individual penalties imposed for crack offenses.[2]

The Sentencing Guidelines contain grouping and multiple-count rules designed to establish a single advisory range to be applied in cases involving multiple counts of conviction. *See* U.S.SG. §§ 3D1.1–3D1.5. As such, in "recalcu-lat[ing] the Guidelines range" pursuant to § 404(b), *Chambers*, 956 F.3d at 672, courts addressing First Step Act motions apply the Guidelines' grouping rules to determine the revised advisory range applicable to both the covered and non-covered offenses. *See Hudson*, 967 F.3d at 611 (defendant convicted of crack offense and firearm offense eligible for First Step Act relief); *United States v. Luna*, 436 F. Supp. 3d 478, 788 (D. Conn. 2020) ("Because the Sentencing Guidelines require a sentencing judge—in various ways—to unify counts of conviction and impose a logical, single sentence, numerous courts have noted that when a defendant is

---

[2] Moreover, Congress was certainly aware that in many, if not most cases, a defendant would have been convicted of more than one count; that the counts would group together (e.g., convictions for crack and for felon-in-possession); and that it would be the conviction(s) for the crack offense(s) that drove the guideline calculations, resulting in the imposition of the same sentence on other non-crack counts even when that sentence is higher than what the Guidelines would call for on the non-crack counts absent the crack counts. In such situations, not applying the sentencing package doctrine would result in the perverse and absurd retention of a sentence on a non-crack count that was in fact driven by the sentence on the crack count. Further, not applying the sentencing package doctrine in such situations would defeat Congress's intent in passing § 404 and would effectively nullify that provision of the First Step Act for untold numbers of defendants.

entitled to a resentencing under section 404(b) of the First Step Act on one count of conviction, the defendant must be entitled to a plenary resentencing on all counts of conviction."); *United States v. Black*, 388 F. Supp. 3d 682, 688 (E.D. Va. 2019) ("Utilizing the applicable sentence grouping Guidelines, reducing the offense level for Count Three [a crack offense] pursuant to the First Step Act" from 360 months to life to 262 to 327 months "similarly reduces Black's Guidelines range for Count Two [unlawful possession of a firearm] to 262 months to 327 months"); *United States v. Biggs*, 2019 WL 2120226, at *1, *3 (N.D. Ill. May 15, 2019) (where defendant was sentenced to concurrent 360-month terms for a crack offense and a § 922(g)(1) felon-in-possession offense, reducing both sentences to 180 months; "[a]s with any sentencing, the court considers multiple counts together; indeed, the guidelines require the court to use a combined offense level for all counts").

That is what happened in Mr. Richardson's case. In the original presentence report, the probation officer determined that all of Mr. Richardson's convictions comprised one group of closely related counts because they "involve[d] two or more transactions connected to a common criminal objective." J.A. 370. Moreover, the CCE count was essentially a "super-conspiracy" count, in which Mr. Richardson was a leader. *See* 21 U.S.C. § 848(c)(2)(A).[3] Thus, while he received a four-level

[3] In fact, at sentencing, the district court dismissed Count 1, the § 846 conspiracy conviction, because it is a lesser-included offense of Count 2, the § 848

enhancement for being a leader as to his § 841 conviction, the CCE guideline calculation began with a base offense level of four (automatically reflecting a leadership role, which was an element of the CCE offense, *see* 21 U.S.C. § 848(c)(2)(A)), to which the § 2D1.1 calculation (here, 38 plus 2) was added. The following chart shows the interdependency of the guideline calculations for Counts 2 and 3:

| | Count 2 (§ 848 / § 2D1.5) | Count 3 (§ 841 / § 2D1.1) |
|---|---|---|
| Chapter Two base offense level | 4 (§ 2D1.5(a)(1)) | 38 (§ 2D1.1(c)(1)) |
| § 2D1.1 specific offense char. | 40 (from §2D1.1) | 2 (§ 2D1.1(b)(1)) |
| Chapter Two adjusted level | 44 | 40 |
| § 3B1.1 role in offense | n/a (*see* § 2D1.5, note 1) | 4 |
| § 3C1.2 reckless endangerment | 2 | 2 |
| Total offense level | 46 | 46 |

*See* J.A. 367-370 (PSR offense level calculation worksheets). The First Step Act Amendment Application Worksheet prepared by the probation officer in 2019 likewise treated Counts 2 and 3 as one for guideline recalculation purposes, adhering to the calculations described above:

---

conviction. *See* J.A. 163-164, J.A. 165; *Rutledge v. United States*, 517 U.S. 292, 300 (1996).

| | |
|---|---|
| Statutory Penalty: | Count 2: 20 years to Life (no change)<br>Count 3: 5 to 40 years (reduced from 10 years to Life) |
| Offense Level: | 44 (underlying offense level of 40 + 4 for CCE) |
| Drug Quantity: | 26.01 kg of cocaine base (Base 38) |
| Weapon: | (+2) |
| Role: | (+4 - applied only to Count 3) |
| Obstruction: | +2 |
| Acceptance: | -0 |

Offense Level Total: 46
Criminal History Category: V
Guideline Range of Imprisonment: Life
Restricted Guideline Range (Statutory Maximum): Count 2: N/A
Count 3: 480 months

J.A. 378.

Consequently, the relief authorized by the First Step Act is not limited to the specific count or counts that constitute "covered offenses." As this Court has observed, "if Congress intended for the [First Step] Act not to apply if a covered offense was combined with an offense that is not covered, it could have included that language. But it did not." *United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Therefore, "because the court originally fashioned a sentence as a whole for all convictions, [a defendant's] eligibility on Count 1 under the First Step Act means the court has the authority and discretion to unbundle the sentence and re-sentence on all counts." *United States v. Williams*, 2019 WL 3251520, at *2 (D.S.C. July 19, 2019); *accord Biggs*, 2019 WL 2120226, at *3 ("Because the potential reduced penalties for covered offenses could influence the range of recommended penalties for non-covered offenses, 'impos[ing] a reduced sentence as if … the Fair Sentencing Act … were in effect' entails resentencing on all counts.").

Section 404(b) therefore authorizes the district court to "impose a reduced sentence" with respect to the aggregate sentence imposed. The district court in Mr. Richardson's case, however, failed to recognize that it had such authority. Consequently, it committed procedural error when it imposed a reduced term of imprisonment only on Count 3 without considering a similar reduction on Count 2.

### D. Mr. Richardson Was Harmed by the District Court's Failure to Recognize Its Authority to Reduce the Prison Term on Count 2 to Match the Reduced Term on Count 3

Finally, the harm to Mr. Richardson from the district court's error is both obvious and palpable: he continues to serve a life term on Count 2 when the concurrent term on Count 3 is now 30 years. Given that Mr. Richardson has already served nearly 26 years in prison—as the court recognized, J.A. 320—the calculation of good time credit on a 30-year sentence would result in his immediate release. Moreover, all of the court's reasons for granting a reduction on Count 3, *see* J.A. 318-321, would apply equally to Count 2 given that the two counts comprise the same course of conduct. As such, it is highly likely that if the court had understood that it was authorized under the sentencing package to reduce the term of imprisonment on Count 2 as well as Count 3, it would have done so.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's decision granting a reduction in Mr. Richardson's term of imprisonment only on Count 3 when the court was authorized under the sentencing package doctrine to reduce the prison term on Count 2 but failed to recognize that authority.

Respectfully submitted,

GEREMY C. KAMENS
Federal Public Defender
for the Eastern District of Virginia

s/ Frances H. Pratt
Frances H. Pratt
Keith Loren Kimball
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Fran_Pratt@fd.org
Keith_Kimball@fd.org

Dated October 25, 2022

## REQUEST FOR ORAL ARGUMENT

Counsel for appellant asserts that the issues raised in this brief may be more fully developed through oral argument, and respectfully requests the same.

## CERTIFICATE OF COMPLIANCE

1. This Brief of the Appellant has been prepared using Microsoft Word 2016 software, Times New Roman font, 14-point proportional type size.

2. EXCLUSIVE of the corporate disclosure statement, table of contents, table of authorities, statement with respect to oral argument, any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains no more than 13,000 words, specifically 6,150 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

October 25, 2022
Date

s/ Frances H. Pratt
Frances H. Pratt
Assistant Federal Public Defender